UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ROSE WENZLER,<br><br>Plaintiff,<br><br>v.<br><br>MALIK HAMIM, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-02074-DAD-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING HER COMPLAINT, AND GRANTING LEAVE TO AMEND<br><br>ECF Nos. 1 & 2 |

Plaintiff brings this action alleging various claims related to a car accident that occurred on October 8, 2020. ECF No. 1 at 6. The complaint is deficient for at least two reasons. First, I can discern no basis in plaintiff's allegations for federal jurisdiction. Second, the complaint, including exhibits and attachments, runs more than three hundred pages, and I am unable to understand from it what or how many claims are at issue. The complaint is thus non-compliant with Rule 8 of the Federal Rules of Civil Procedure and cannot proceed in its current form. Rather than recommend dismissal, I will grant plaintiff leave to amend. I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint is, owing to its length and lack of organization, difficult to understand. As best I can tell, plaintiff alleges that defendant Malik Hamim was responsible for a car accident that injured plaintiff in October 2020. ECF No. 1 at 6. She claims that Hamim caused a million dollars in damages to her and that he has evaded a state court order, the substance of which is unclear. *Id.* at 7. Plaintiff also alleges that defendant DeAmicis acted has her attorney in state court, but incorrectly handled her case. *Id.* at 8. And plaintiff claims that Allstate Insurance failed to respond to the state superior court, though she does not elaborate. *Id.* Various exhibits,

including state court filings, are interspersed throughout the lengthy complaint and it is difficult to discern whether documents are contextual or intended to present claims.

The complaint is deficient for two reasons. First, there appears to be no basis for federal jurisdiction. Plaintiff checked the box for "federal question," but none of her claims appear to present any federal question. Rather, they appear based entirely on a car accident and proceedings in state court. Second, and more fundamentally, the complaint is not a "short and plain statement" of the claims at issue as required by Rule 8. Fed. R. Civ. P. 8(a)(2). The complaint's length and lack of organization render it incapable of putting any defendant on notice of the claims against them.

Plaintiff may amend her complaint to remedy these deficiencies within thirty days of this order's entry. She is advised that an amended complaint will supersede her current one and all claims and relevant exhibits must be contained in the new complaint without reference to its predecessor. If plaintiff fails to file an amended complaint within the deadline, I will recommend this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

IT IS SO ORDERED.

Dated:   August 27, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3