UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ROSE WENZLER,<br><br>Plaintiff,<br><br>v.<br><br>MALIK HAMIM, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-02074-DAD-JDP (PS)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THE FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 15<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff brings this action alleging various wrongs stemming from a car accident in October 2020. I screened her previous complaint, found that it failed to establish a basis for federal jurisdiction, and granted her leave to amend. ECF No. 9. Plaintiff filed an amended complaint on August 30, 2024, and, as before, it establishes no basis for federal jurisdiction. Accordingly, I now recommend that this action be dismissed.

**Screening and Pleading Requirements**

    A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As in the first complaint, there appears to be no basis for federal jurisdiction. On the complaint form, plaintiff has checked the box for "federal question" as the basis for jurisdiction. ECF No. 15 at 3. The claims listed, however, are that her medical insurance has been "wrong" and that she has not received necessary surgeries. *Id.* at 4. This is not a claim that invokes any issue of federal law. Elsewhere, plaintiff alleges that defendants Malik and Xavier Hamim have harassed her. *Id.* at 7-9. These claims also fail to invoke a federal question. Neither does there appear to be any basis for diversity jurisdiction insofar as both plaintiff and all the defendants are alleged to be citizens of California. *Id.* at 4.

Given that plaintiff's amended complaint is no closer to establishing a basis for jurisdiction, I find it appropriate to recommend dismissal of this action.

Accordingly, it is RECOMMENDED that the amended complaint, ECF No. 15, be DISMISSED without leave to amend for want of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 30, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3