UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ROSE WENZLER,<br><br>Plaintiff,<br><br>v.<br><br>MALIK HAMIM, et al.,<br><br>Defendants. | No.  2:24-cv-02074-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION FOR LACK OF JURISDICTION<br><br>(Doc. No. 11, 14, 29) |

Plaintiff Elizabeth Rose Wenzler, proceeding *pro se* and *in forma pauperis*, initiated this civil action on July 31, 2024.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 30, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a temporary restraining order be denied on the basis that plaintiff had failed to state a claim and therefore had not shown a likelihood to succeed on the merits of her case.  (Doc. No. 14 at 1–2.)  Specifically, the magistrate judge referred to his order on August 27, 2024, in which he had concluded that plaintiff had not alleged a federal question to establish subject matter jurisdiction and had granted plaintiff leave to file an amended complaint within thirty days of that order.  (Doc. No. 9 at 2–3.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service.  (Doc. No. 14 at 2.)  On August 30, 2024, plaintiff filed a first

1

amended complaint ("FAC") and on September 3, 2024, plaintiff filed objections to the pending findings and recommendations.

On October 1, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's FAC be dismissed without leave to amend due to this court's lack of subject matter jurisdiction. (Doc. No. 29 at 3.) In particular, the magistrate judge found that plaintiff's claims as asserted in the FAC still did not invoke a federal question and that diversity jurisdiction does not exist since all parties in this action are alleged to be citizens of California. (*Id.* at 2.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 3.) Plaintiff did not file objections, but did file notices on October 1, 2024, October 4, 2024, and October 8, 2024.

In her objections to the August 30, 2024 findings and recommendations, plaintiff appears to have submitted several state court documents and complaint forms, as well as invoices, notes, and letters demonstrating her frustration with her experience in the state court system and her prior representation. (Doc. No. 16.) However, her objections do not meaningfully address the analysis set forth in the August 30 findings and recommendations that she had not stated a federal claim that this court may exercise subject matter jurisdiction over. In her notices filed in response to the October 1, 2024 findings and recommendations, plaintiff indicates that she spoke to an attorney at the Sacramento County Law Library and that she wished to move this case back to the Sacramento County Superior Court. (Doc. No. 33.) Plaintiff did not assert any objections to the magistrate judge's findings that this case must be dismissed for lack of jurisdiction, and therefore she has not provided any basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

/////

Accordingly,

1. The findings and recommendations issued on August 30, 2024 (Doc. No. 14) are adopted;
2. The findings and recommendations issued on October 1, 2024 (Doc. No. 29) are adopted in full;
3. Plaintiff's complaint is dismissed, without leave to amend;
4. Plaintiff's motion for a temporary restraining order (Doc. Nos. 11) is denied as having been rendered moot by this order; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 21, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE